32 P.(2d) 814

### In re SOUTHERN PAC. CO.

### No. 3888.

Supreme Court of New Mexico.

April 30, 1934.

E. R. Wright, of Santa Fé, and Del W. Harrington, of El Paso, Tex., for Southern Pac. Co.

Frank H. Patton, Asst. Atty. Gen., for State Corporation Commission.

WATSON, Chief Justice.

The Corporation Commission seeks enforcement of its order requiring the Southern Pacific Company to restore Sunday train service on its branch line from Tucumcari to Dawson.

For a long time the towns on this 132-mile branch had enjoyed daily mixed train service each way. The company discontinued Sunday service for reasons of economy, and citizens of the town of Roy protested.

In its report and order the commission notes that this curtailment of service was effected without the formality of an application to the commission pursuant to 1929 Comp. St. § 116-401 et seq. Whether this fact had any bearing on the result, we are unable to determine. It prompts us to say, however, that the statute mentioned is not applicable to the case.

The railroad presents the proposition that neither Constitution nor statute "gives the corporation commission any power or authority to dictate to the railroads as to train schedules or when they shall operate their trains." This is an important question of course. The brief of the Attorney General does not touch it. The indicated counter proposition is that such power is embraced within the constitutional duty (article 11, § 7) "to require railway companies to provide and maintain adequate * * * facilities. * * *" If we were to decide this question, we should desire fuller argument than it has yet had. In view of our conclusion as to the reasonableness of the order, we may avoid decision of the more important law question.

We think it plain from the record before us that the Sunday train service could be afforded only at considerable net loss to the railroad. The showing of public inconvenience from its discontinuance is not impressive. If the inconvenience could be reduced to monetary terms, we think it would be much less than what it would cost the railroad to cure it.

It would serve no good purpose to go further into the facts. We find nothing to distinguish this case from numerous recent cases in which we have felt constrained to refuse enforcement of orders burdensome upon railroad companies and not correspondingly beneficial to the public. Weighing the natural and proper desire of the protestants for the best service to be had against the natural and proper resistance of the railroad to a demand for an uneconomic service (Denton Bros. v. A., T. & S. F. Ry. Co., 34 N. M. 53, 277 P. 34), we must in this case uphold the

latter. We think the service legally adequate as now rendered.

Enforcement of the commission's order must be denied. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.